TRINA A. HIGGINS, United States Attorney (#7349)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-CR-00383-1 |
| Plaintiff, | **STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)** |
| vs. | |
| JOSE MANUEL BARBOSA TORRES, | |
| Defendant. | Judge David Sam |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts V, VI, and VII of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me. The elements of Counts V, VI, and VII, Aiding and Abetting False Statement During Acquisition or Attempted Acquisition of a Firearm, are:

   (a) Others knowingly made false written statements to federally licensed firearm dealers;

   (b) The false statements were made in connection with the acquisition or attempted acquisition of firearms;

(c)     The false statements were intended or likely to deceive such firearm dealer with respect to facts material to the lawfulness of the sale of the firearm to the others; and

(d)     I aided and abetted therein.

2.      I know that the maximum possible penalty provided by law for Counts V, VI, and VII of the Indictment, violations of 18 U.S.C. § 922(a)(6), is a term of imprisonment of ten (10) years, a fine of $250,000.00, a term of supervised release of three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a.    Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

b.    I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.      I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a.   I have a right to the assistance of counsel at every stage of the proceeding.

2

b.  I have a right to see and observe the witnesses who testify against me.

c.  My attorney can cross-examine all witnesses who testify against me.

d.  I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses.  If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

e.  I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g.  The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

h.  It requires a unanimous verdict of a jury to convict me.

i.  If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7.      If I plead guilty, I will not have a trial of any kind.

8.      I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence.  However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.      I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10.      I know that under a plea of guilty the judge may ask me questions under oath about the offense.  The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.      I stipulate and agree that the following facts accurately describe my conduct.  These facts provide a basis for the Court to accept my guilty plea:

On or about August 12, 2023, in the District of Utah, ARMANDO FIGUEROA Jr. acquired a Barrett 82A1 .50 BMG caliber rifle from a firearm dealer in Taylorsville, Utah. FIGUEROA executed an ATF 4473 Form, wherein he indicated he was the actual transferee/buyer of the firearm. FIGUEROA certified that his responses on the ATF 4473 form were true and correct.

On or about August 12, 2023, in the District of Utah, CECILIO LUIS ARRIAGA acquired a Barrett M82A1 .50 BMG caliber rifle from firearm dealer in Taylorsville, Utah. ARRIAGA executed an ATF 4473 Form, wherein he indicated he was the actual transferee/buyer of the firearm. ARRIAGA certified that his responses on the ATF 4473 form were true and correct.

On or about August 17, 2023, in the District of Utah, ILIANA DENNIS attempted to acquire a Barrett M82A1 .50 BMG caliber rifle from a firearm dealer in Taylorsville, Utah. DENNIS executed an ATF 4473 Form, wherein she indicated she was the actual transferee/buyer of the firearm. DENNIS certified that her responses on the ATF 4473 form were true and correct.

I admit FIGUEROA, ARRIAGA, and DENNIS acquired or attempted to acquire each of these firearms on my behalf. I also admit that I provided cash funding for each of the transactions prior to the acquisition or attempted acquisition of each firearm. I further admit I was acquiring the firearms for Caesar Humberto RIVERA, and I knew the firearms were being transported to Mexico. I acknowledge I purchased or facilitated the attempted purchase of at least (8) Barrett .50 BMG caliber rifles. I further acknowledge that the identity of the actual transferee/buyer of a firearm from a federally licensed dealer is material to the lawfulness of the transaction and that the firearm dealer in Taylorsville, Utah is a licensed firearm dealer within the meaning of Chapter 44, Title 18 United States Code. My conduct violated 18 U.S.C. §§ 922(a)(6) and 2.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Counts V, VI, and VII of the Indictment

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be **27 months' imprisonment with 36 months' supervised release**, which I agree is a reasonable sentence.

4

(1)     I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court.  I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2)     If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of **27 months' imprisonment with 36 months' supervised release** will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void.  Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than **27 months' imprisonment with 36 months' supervised release**, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c.  **Dismissal of Counts.**  The United States agrees to move for leave to dismiss Count I, II, III, and IV as to me at the time of sentencing.

d.  **Relevant Conduct.**  I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both.  I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e.  **Appeal Waiver.**

(1)     Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.  I also knowingly, voluntarily, and expressly waive any argument (1) that the statutes to which I am pleading guilty are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statutes.

(2)     I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other

5

procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3)     I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)     I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

f.  **Presentence Report and Financial Information.**  I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release.  I also consent to allowing the United States Attorney's Office to run a credit check on me.  I consent to being placed on the Treasury Offset Program and State Finder.

g.  **Forfeiture.**

(1)     I agree to forfeit all property acquired from or traceable to my offenses and all property that was used to facilitate my offenses, including, but not limited to, the following specific property:

- Barrett M82A1 .50 BMG caliber rifle, s/n AA016471

(2)     I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

(3)     I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding.  I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so.  If I have already made such a claim, I hereby withdraw it.  I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding.  In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

6

(4)    I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5)    I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6)    I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

13.    I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.    I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*    *    *    *

I make the following representations to the Court:

1.    I am 36 years of age.  My education consists of ____*10th grade*____.  I ____*(can*/cannot] read and understand English.  If I cannot read and understand English, I have had the assistance of a certified Court interpreter to assist me with this document and my change of plea hearing.

2.    This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms.  I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.    No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.    Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5.    I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

7

6.      I am satisfied with my lawyer.

7.      My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.      I have no mental reservations concerning the plea.

9.      I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 6th day of December, 2023.

_____
JOSE MANUEL BARBOSA TORRES
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 6th day of December, 2023.

_____
KYLER E. OVARD
Attorney for Defendant

8

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this ___6th___ day of ___December___, 2023.

TRINA A. HIGGINS
United States Attorney


_Victoria K. McFarland_
VICTORIA K. McFARLAND
Assistant United States Attorney